Totten, J.,
delivered the opinion of the court.
The defendants Seay and Sharpe were sued in debt,. as sureties of James Turner, on his official bond. An execution ^ for $144 00, in favor of plaintiff’s intestate against John P. Thomas and others, was levied by said constable on two negro slaves as the property of Thomas.
It is averred, that the constable, contrary to his duty, failed and neglected to sell and dispose of said property to satisfy the execution, which remains unpaid.
The defence is, that the debtor’s title to the property was disputed, and no indemnity being given, the levy was released. Such in effect, is the constable’s return, which was read in defence at the trial.
There is proof tending to show that Thomas’ title to the slaves was in dispute.
The trial resulted in a judgment for the defendants,, and the plaintiff appealed in error.
1. ,It is insisted that the judge erred in his instruction to the jury. His instruction was: “ That an officer is not liable for refusing or omitting to levy, or for refusing or omitting to sell the property after it is *617 levied on, where the title is in dispute, unless he he indemnified. That the officer’s return is evidence for him, to he considered of with other evidence, by the jury.”
In this there is no error. The instruction is in accordance with the true intention of the act of 1825, ch. 40, § 2, and cases decided hy this court on the subject. Hamblet vs. Herndon, 3 Humph., Rep., 34. Sounders & Martin vs. Harris, 4 Humph. Rep., 73.
And so an officer’s return, setting forth a valid exorne for a failure to levy, or a failure to sell under an execution in his hands, is prima facie evidence of the fact in his favor: subject of course to be falsified by other proof. 2 Greenl. Ev., § 585.
2. The plaintiff’s counsel requested the judge to instruct the jury, that after a levy on the property, it was the duty of the officer to notify the plaintiff that the title was in dispute, and to demand an indemnity before he could lawfully release the levy.
The request was refused, and we think properly. The act of 1825 was intended to save the officer from the peril of a disputed title to property supposed to be liable to execution. It contains no provision, that to entitle him to its protection, he shall notify the plaintiff and demand an indemnity. The provision simply is, in effect, that he is not bound to levy or to sell where the title to the property is disputed, without a proper indemnity against the peril. "We cannot interpolate the conditions insisted upon by counsel.
In many cases it would not be convenient, or even practicable, to give the notice and demand the indemnity; and, therefore, the validity of the officer’s act, in *618 the release of a levy on disputed property, ought not to depend of necessity upon this circumstance.
Certainly it is the duty of the officer to act in good faith and with ordinary diligence in all that relates to the execution of the writ. But where the title to the property is in dispute, the mere failure of the officer to give notice and demand indemnity, will not of itself vitiate his release of the levy and render him liable, other circumstances of fraud or negligence must concur to have that effect.
3. The evidence in defence, tending to prove that the property in the slaves was -disputed, was objected to. There is no question but that it was competent. The defence rests upon the truth of this fact, and of course it was proper to establish it by the return on the execution, and other evidence.
Let the judgment be affirmed.