## WADSWORTH & Co. v. WALLIKER.

1, **Attachment: DOUBTFUL TITLE: RELEASING LEVY.** An officer is not bound to attach property, the title to which is in doubt; but having made the levy, and on demand a proper indemnifying bond having been given, he cannot release the property without making himself liable if, in fact, the property was subject to attachment.

2. ——: ——: **BURDEN OF PROOF.** Where an officer levies on goods, and subsequently, on his own motion, releases such levy, the burden is on him to show sufficient cause for such release.

3. ——: ——: **EXCESSIVE LEVY.** A levy upon a larger amount of property than is necessary will not authorize a release of the property on the ground of excessive levy, but in such case it is the duty of the officer to retain sufficient to satisfy the claim, and discharge the balance.

4. ——: **INDEMNIFYING BOND.** An officer cannot demand an indemnifying bond in excess of a sum necessary to secure him, and an agreement to give such a bond cannot be enforced.

5. ——: **FRAUDULENT SALE: EVIDENCE.** The title of goods levied upon under a writ of attachment being in issue, evidence tending to show a fraudulent sale was *held* to have been properly admitted.

*Appeal from Clinton Circuit Court.*

THURSDAY, SEPTEMBER 18.

ACTION at law upon a sheriff's official bond. The sureties were made defendants, but were not served with notice, and the case proceeded against the sheriff alone, the defendant herein. The petition alleges that plaintiff instituted, and prosecuted to judgment, an action against one Parkinson, wherein a writ of attachment was issued, which the defendant levied upon twenty-six boxes of goods, the property of Parkinson. It is averred that after this levy the defendant, without any order of court, and without the knowledge or assent of the plaintiffs, wrongfully and unlawfully released the goods from the attachment, after being fully indemnified by plaintiffs, whereby plaintiffs were defeated in collecting their judg-

ment, which remains unpaid. It is also alleged that the goods attached were of sufficient value to satisfy the judgment. The answer denies the allegations of the petition, and avers that the goods levied upon by the defendant were not the property of Parkinson, but were owned by another; and that plaintiffs, after being duly required so to do, failed to furnish an indemnifying bond, and that the defendant thereupon lawfully released the attachment. It is further averred that the levy upon the goods was made upon the request of plaintiffs, under an assurance that defendant would be indemnified by plaintiffs to the full extent of the value of the property seized; that defendant had doubts as to the ownership of the goods; that while holding the property defendant was sued by Mortimer Rice for four thousand five hundred dollars, the value of the goods; and that the release of the attachment was made for the reason plaintiffs failed to indemnify defendant, who believed the property belonged to Mortimer Rice. It is also alleged that plaintiff caused Mortimer Rice to be garnished, and that upon a trial in the garnishment proceedings Rice was discharged, and it was adjudged that the title of the goods was in him. The plaintiff filed a replication denying the allegations of the answer not admitting the averments of the petition. It also alleged that Rice's claim to the goods was based upon a fraudulent sale thereof, intended to defeat the creditors of Parkinson. The cause was tried to a jury, and a verdict and judgment were had for plaintiffs. Defendant appeals.

*Aylett R. Cotton*, for appellant.

*Martin, Murphy & Lynch* and *George B. Young*, for appellees.

BECK, CH. J.—I. We find an unusual difficulty in our way in this case. Counsel for defendant assigns sixty-five errors upon the record, and urges each in argument. The case really ought to be disposed of in an opinion of ordinary length, but if each assignment of error is considered it will demand more space than the questions discussed really merit. Unless

each point made in argument is noticed, counsel will have some grounds of complaint. The only way to dispose of the case to the satisfaction of counsel and ourselves is by classifying the points made in the argument of counsel, and in this manner disposing of many together. Our study of the record satisfies us that this will not be an easy task. We will, however, attempt to perform it as best we can.

II. There was evidence tending to show that defendant had levied, or was about to levy, an attachment in favor of another party upon certain boxes of goods which were at the railroad depot awaiting transportation. They had been in the store of Parkinson, and constituted his whole stock in trade. The boxes were marked with the name of Mortimer Rice. Plaintiffs' attorney requested defendant, or his deputy, who had charge of the business, to levy on the twenty-six boxes upon the writ in his hands, and hold the goods until he could cause a writ to be issued in an action upon plaintiffs' claim, to be commenced as soon as he could go to the county seat and return with the writ, which could be done on the same day. He agreed to give defendant a bond of indemnity to his satisfaction. This request, it appears, was complied with, and upon the return of the attorney with the attachment a levy was made and duly entered upon the writ. The attorney presented an indemnifying bond in the penalty of nine hundred dollars, which recites that the defendant had levied upon goods to the value of four hundred and fifty dollars. The amount of plaintiff's claim was seven hundred and ninety-five dollars and seventy-five cents. But, as it was supposed the twenty-six boxes of goods were of greater value, the defendant's deputy declined to accept the bond. It was taken by the attorney, and with the consent of the obligees the penalty was changed to three thousand dollars; no other alterations were made. In this form it was sent by mail to the officer holding the writ.

The court thereupon gave to the jury the following instructions upon request of plaintiffs:

"1.   The court instructs you as a matter of law that the bond executed by the plaintiffs as principals and R. Krause as surety was in form and amount a sufficient indemnity to the sheriff for his *official acts under* the writ of attachment, and that he, the sheriff, and his deputy had no legal authority or right to demand a bond in any greater or larger sum.

"2.   And the court further instructs you that if you find that the defendant or his deputy was put in possession of said bond of indemnity, if the surety on said bond was responsible to the amount of his liability thereon, he became and was in law sufficiently indemnified for all acts he could legally perform under said writ of attachment, and is liable to the plaintiffs in this suit, unless he has satisfied you that the goods at the time they were attached were legally the property of one Mortimer Rice, and purchased by him in good faith from the said Parkinson, and without intent on the part of Parkinson and Rice, or those acting for them, to either hinder, delay or defraud the creditors of said Parkinson.

"3.   You are also further instructed that, if you find from the evidence that the sheriff or deputy sheriff levied upon a lot of merchandise contained in boxes; that he had the legal right to hold possession of all of said boxes for a time sufficient to open said boxes, and invoice therefrom goods sufficient in amount to equal fifty per cent more than the indebtedness claimed to be owing from Parkinson to Wadsworth & Co.; and that it was the sheriff's duty, upon being indemnified, as heretofore stated, to so hold and invoice, and after invoicing he had the legal right to offer to return the remainder of the goods, and the claimant of the goods could not legally refuse to accept a part without all, and hold the sheriff responsible in damages for all of said goods, but could only recover, if at all, for such goods as the sheriff insisted on holding.

"4.   The court further instructs you that it was the duty of the sheriff or deputy in this case to levy the writ upon goods of the value of fifty per cent more than the amount of

the plaintiffs' demand against the said Parkinson, and that if you find that the indemnity bond was in fact in the possession of said sheriff or his deputy, then said sheriff was fully and completely indemnified against all damages which he could sustain by reason of said levy."

The following instructions were given upon the court's own motion:

"4. If at the time the plaintiffs commenced their suit against Parkinson, and caused said attachment to be issued and levied upon said goods, said Parkinson was indebted .to the plaintiffs as claimed by them; and if said goods, at the time of said attachment, were liable to seizure under said writ as the property of said Parkinson; and if the defendant or his deputy, Dearborn, before releasing said goods, was indemnified by the plaintiffs against loss by reason of levying upon and taking of said goods, sufficient in value to make fifty per cent more than said claim of the plaintiffs; and if, after being so indemnified, the defendant or his said deputy, without the knowledge or consent of the plaintiffs, released all of said goods from said levy, then the defendant is liable to the plaintiffs to the amount of their said claim against said Parkinson, and the plaintiffs are entitled to a verdict against the defendants therefor.

"5. The plaintiffs claim that the defendant and his deputy, Dearborn, were fully indemnified for levying upon said goods, and detaining, by virtue of said writ, sufficient thereof in value to make an amount fifty per cent more than the plaintiffs' claim upon which said attachment proceedings were based; and they also claim that it was the duty of the defendant or his said deputy, they being so indemnified, to have held under said attachment the amount in value of said goods which the law authorizes to be seized and held in attachment proceedings; and in relation to these matters you are instructed that the law of this State authorizes a levy of a writ of attachment upon property fifty per cent greater in value than the claim upon which the attachment is based, and the

law makes it the duty of a sheriff or his deputy, in serving an attachment, to levy (as nearly as the circumstances of the case will permit) upon property fifty per cent greater in value than the amount of the claim sworn to in the petition upon which the attachment is based and issued; and in this case you are instructed that it was the duty of the deputy of the defendant, in levying the plaintiffs' said writ upon said goods, to have retained of said goods fifty per cent more in value thereof than the said claim of the plaintiffs, as nearly as the circumstances would permit, and to enable said deputy to discharge his duty in levying said writ upon said goods he had a right to open the boxes of goods upon which he had levied the writ, and take therefrom and detain goods in value fifty per cent more than the plaintiffs' claim; and to aid him in getting goods to that amount he had a right to call to his aid disinterested parties as appraisers, and have goods appraised till he had obtained of the goods the requisite amount and value; and that after obtaining goods of the value of fifty per cent more than plaintiffs' claim he could have released the balance of the goods and boxes levied upon, and the defendant would not have been liable to pay for the balance so released, if his deputy had detained them only a reasonable time, for the purpose of selecting and obtaining therefrom the requisite quantity as aforesaid, provided said goods or a portion of them were liable to be levied upon as the property of Parkinson, and applied to the payment of said claim of the plaintiffs.

"6. In relation to the bond of indemnity offered in evidence in this case, and which the plaintiffs claim was given to the defendant to indemnify him and his said deputy against loss by reason of levying said writ upon said goods as the property of said Parkinson, you are instructed that said bond is a legal and valid instrument or bond for what it purports to be; and that it purports to be a bond to indemnify the defendant and his deputy from loss by reason of levying the plaintiffs' said writ upon goods of said Parkinson, and holding by virtue

thereof goods in value to the amount of four hundred and fifty dollars, and that it made the plaintiffs and their surety on said bond liable to the defendant to the extent of three thousand dollars for all damages he or his said deputy might sustain by reason of levying said writ upon and holding by virtue thereof goods claimed to be the property of said Parkinson to the amount in value of four hundred and fifty dollars; and if the surety on said bond was responsible to the extent of the liability on said bond, namely, three thousand dollars; and if said bond was received by said deputy and was in his possession before or at the time of the release of said goods from said levy, then the defendant and his said deputy, at the time of the release of said goods, were indemnified to the extent of three thousand dollars for damages they might sustain by reason of levying upon and retaining by virtue of said writ four hundred and fifty dollars' worth of said goods. And you are also instructed that if the defendant and his deputy were thus indemnified, then said deputy, in releasing all of said goods without the consent or knowledge of the plaintiffs, assumed the risk of making the defendant liable to pay the claim of the plaintiffs, if it should be found that the goods were liable to be seized by virtue of plaintiffs' said writ and applied to the payment of their claim; and the defendant, if so indemnified, can avoid such liability only by showing by proper evidence that said goods, at the time of said levy and release, were not the property of said Parkinson, but the property of said Mortimer Rice. But if said goods, at the time of said levy and release, were the property of said Rice, having been purchased by him in good faith and for a valuable consideration, then the defendant is not liable for or because of the release of said goods from the plaintiffs' attachment.

"7. If the defendant's deputy did, at the request of the plaintiffs' attorney, detain said goods by the levy of another writ till a writ could be procured in behalf of the plaintiffs, such detention would not constitute a defense in this action.

And if said deputy, at the request and under the direction of plaintiffs' attorney, and in pursuance of a promise of indemnity for so doing, levied the plaintiffs' writ upon more goods than the law authorized him to seize and hold, and though such indemnity was not in fact given, neither the failure to give such indemnity, nor the request or direction of the plaintiffs' attorney as to such levy, in excess of the amount authorized by law, constitute a defense in this action.

"8. It was the duty of said deputy, in levying said writ, to have seized property fifty per cent greater in value than the amount of plaintiffs' claim, or as nearly so as the circumstances would permit, and he had no right to attach and retain more than that amount, and had no right to exact a bond to indemnify him or the defendant for seizing and holding more property than would be requisite for making fifty per cent more than the plaintiffs' claim; and had a bond been given to indemnify him or defendant for attaching and holding more than the law authorized, it would have been no indemnity or protection for such unlawful act; and the failure of the plaintiffs to give the defendant such a bond, even if their attorney agreed so to do, does not constitute a defense in this action.

"9. The plaintiffs also claim in this case that said Parkinson sold said goods to said Rice for the purpose of defrauding or hindering or delaying the creditors of said Parkinson, and that said Rice purchased said goods with the intent to aid said Parkinson in hindering, delaying and defrauding his creditors; and in relation to these matters you are instructed that if said Parkinson sold said goods to said Rice for the purpose of defrauding his creditors, or hindering or delaying his creditors in the collection of their claims against him; and if said Rice purchased said goods with intent to aid said Parkinson in accomplishing such purpose; or if said Rice purchased said goods knowing that Parkinson intended by the sale to him to hinder, delay or defraud his creditors; or if said Rice made said purchase, having notice or knowledge of

Wadsworth & Co. v. Walliker.

such facts as would have put an ordinarily cautious person upon inquiry, which, if made with ordinary diligence, would have led to a knowledge of the intent of said Parkinson in making said sale to hinder, delay or defraud his creditors; then, and in either of the events of purchase just stated, said sale and purchase would be fraudulent and void as to the creditors of said Parkinson, and the goods thus sold would be liable to attachment by such creditors. But if said sale was not made by said Parkinson with the intent on his part to hinder, delay or defraud his creditors, then the sale was not void and said goods were not liable to be seized under the plaintiffs' attachment. Nor was said sale void as to the creditors of Parkinson although made with intent on his part to hinder, delay or defraud his creditors, provided the purchase was not made by said Rice with intent to aid Parkinson in accomplishing said fraudulent purpose; or made with knowledge of such purpose on the part of Parkinson, or with knowledge of such facts as would have put an ordinarily prudent man upon inquiry which, if made with ordinary diligence, would have led to the discovery of the fraudulent purpose on the part of Parkinson.

"10. But if the sale of said goods by Parkinson, and purchase by Rice, was not an honest and real sale and purchase, but was a sham transaction, or trade, made and gone into by them for the purpose of deceiving the creditors of Parkinson, or some of them, as to the real disposition to be made of the goods; they, Parkinson and Rice, knowing the trade would have the effect to defraud some of Parkinson's creditors, or hinder or delay some of them in the collection of their claim against him, then such sale and purchase was fraudulent and void as to such conditions, though said Rice may have given his note for the goods, and the note may have been applied or used in extinguishing some of the claims against Parkinson. Said Rice, under such circumstances, and if such were the real character of the transaction, cannot, in law, be considered a purchaser in good faith; and if

you find said sale and purchase to be substantially of the character above stated, or for other reasons or facts presented by the evidence find said sale and purchase to have been made with intent to hinder or delay some of Parkinson's creditors in the collection of their claims, then you should find said sale and purchase fraudulent and void as to the creditors of said Parkinson.

"11.   The first questions for the jury to determine are, was said Parkinson, at the time of the issuing and levy of said writ, indebted to the plaintiffs as claimed by them; was said indemnity bond in the possession of defendant's said deputy at the time or before the release of said goods from the levy; and was the surety on said bond responsible, at the time it was given and received by said deputy, for the amount of the liability thereon?   And, in relation to these questions, your attention is directed to the evidence showing said Parkinson was, at the time referred to, indebted to the plaintiffs as claimed; and that said indemnity bond, as admitted by said deputy, was in his possession before he released said levy; and that the evidence shows that the surety on said bond was responsible for a much larger amount than the penalty named in said bond; and, because of such evidence, you can have little or no difficulty in disposing of said questions.   The next question of importance to be considered and determined is that of the liability of said goods to be seized and held by the creditors of said Parkinson; and if you find from the evidence that said sale and purchase of said goods was not in good faith, but was made with intent to hinder, delay or defraud the creditors of said Parkinson, or some of them, as already explained, then you should find said goods liable to be seized and held by virtue of plaintiffs' writ, to the extent or amount authorized by law to be levied upon, as already explained.

"12:   It will be the duty of the jury, in arriving at a verdict in this case, to be governed by the evidence in the case, and the law as herein given you, regardless of the condition

of the parties hereto financially, or of the effect of your verdict upon the parties, or either of them; and, should you find the plaintiffs entitled to recover, your verdict should be for the amount of the plaintiffs' judgment obtained against said Parkinson, which is shown by the court records to have been three hundred and nine dollars and fifty-two cents on the 13th day of January, 1875, and six per cent interest thereon since said date, and the form of your verdict may be as follows:   *   *   *"

III.   We think these instructions are a fair and full expression of the law applicable to the case.

It is insisted by defendant's counsel that he was not required to attach property the title to which was doubtful; that the officer did not accept the bond; that the levy was made upon the direction of the plaintiffs; that there is no law requiring the officer, in the case of an attachment, to accept an indemnity bond, and that when the title of property is in doubt the only remedy is by garnishment of the claimant thereof.   The question of fact raised by one of the objections, that the bond was not accepted by the officer, the jury could well have found against the defendant, and, doubtless, they did so find.   The pleadings put in issue the title of the property, and the jury were instructed that, to authorize a verdict for plaintiffs, they must find that Parkinson owned the goods.   Under this instruction the jury found that Parkinson owned the goods, and they were, therefore, subject to attachment.   We then have this case: The goods were subject to the attachment, being the property of Parkinson; the plaintiff directed the levy thereon, upon an agreement to execute the indemnity bond; the levy was made and the bond sent to the officer, pursuant to the agreement, and the officer released the levy and discharged the goods. Now, we may concede, for the purpose of the case, that defendant's positions, above stated, as to the bond are correct; that the officer could not have been required to accept the bond, and that he could not, by the offer of such a bond, have

*Margin note:* 1. ATTACHMENT: doubtful title: releasing levy.

been required to seize property, the title of which is doubtful. But, having seized the goods, he had no authority to discharge them on account of the matters alleged in regard to the bond. If it be conceded that the views of the law upon this point, as expressed by counsel, be correct, plaintiffs still were entitled to a verdict. The instructions as to the bond, and the obligations and duties of the parties thereunder, if erroneous, wrought no prejudice to defendant, for plaintiffs would have been entitled to a verdict had the jury been instructed in accord with counsel's views. A word or two in addition will possibly make this plain. The jury were instructed that they could not find for plaintiffs unless they found that the goods belonged to Parkinson; that if they so found, and further found that defendant was indemnified by the bond, and he discharged the attachment, he is liable. Now, the bond, in defendant's view, has nothing to do with the liability of defendant, for it is an instrument unauthorized by law. The jury must have found that the property of the goods was in Parkinson, and that the levy was discharged. Upon these facts alone defendant was liable. The court's instructions made the liability depend upon other conditions, relating to the bond. His liability existed without them, if defendant's view of the law be correct. He was not prejudiced by the instructions of the jury requiring findings of matters pertaining to the bond that did not relieve him of liability. We find it unnecessary, therefore, to determine the correctness of the instructions now under consideration, and express no opinion upon the questions raised by counsel. This view disposes of all objections raised by defendant which are based upon instructions relating to the bond.

IV. The instructions of the court are to the effect that the burden rested upon defendant to show that the title of the 2. ——: ——: goods was in Rice. Defendant insists that the burden of proof. burden rested upon plaintiffs to show the title was in Parkinson. We think the court's instructions are correct. The defendant seized the goods as the property of Parkinson; he

afterward released them.   He is required by the law to justify
his act in discharging the goods.   This he does by alleging that
Rice owned them.   He will be bound by his levy until he
justifies the discharge of the goods.   The burden rests upon
him to show a sufficient ground for the discharge of the prop-
erty.   The ground alleged in his pleadings is that the goods
belonged to Rice.   This cast the burden of proof upon him.

V.   The instructions of the court to the effect that the
detention of the goods by the request of plaintiffs' attorney
until a writ was procured constitutes no defense to this action,
are complained of by counsel.   The instruction must be con-
sidered in the light of the facts of the case.   The officer had
a writ in his hands which he had levied or was about to levy.
The attorneys for plaintiffs used no fraud or false representa-
tions to induce the officer to hold the goods.   He did not hold
them without authority, for he had a writ authorizing the
seizure.   He was authorized to detain them long enough to
select a sufficient quantity to satisfy the writ.   It does not
appear that any act was done by plaintiffs' attorney or by
the officer which would defeat the levy.   The detention of the
goods, therefore, upon the attorney's request, constitutes no
defense to this action.

VI.   It is said that the levy on the twenty-six boxes of
goods, under the directions of plaintiffs' attorney, was exces-
3. ——: ——: sive, and, therefore, fraudulent.   It is difficult to
excessive levy. see how the sheriff can protect himself by dis-
charging all the goods on the ground that the levy was exces-
sive.   The levy on the twenty-six boxes was in fact intended
to secure goods enough to satisfy the writ.   If the value of the
goods was such that the levy was excessive, the excess ought
to have been discharged by the officer.   The plaintiffs could
require him to hold no more than sufficient, as prescribed by
the statute, to satisfy the writ.   He surely cannot defend
this action on the ground of his excessive levy.   The direc-
tions of the court as to the value of the goods which defend-
ant was authorized to seize are in accord with the stat-

ute. They are correct, and were demanded by the facts of the case. Instructions were asked by defendant which were in conflict with those given by the court. They were properly refused. They need not be more particularly considered.

VII. The court refused to permit certain questions to be answered which were propounded to defendant's witnesses in regard to the agreement to give a bond in excess of the amount necessary to indemnify defendant for levying upon goods authorized by law. These rulings are complained of by counsel. If the officer was authorized to demand a bond, he could not exact from plaintiffs one having a penalty in excess of the sum necessary to secure him. An agreement to give such a bond he could not enforce; it was not proper, therefore, to show such an agreement.

*4. ——: indemnifying bond.*

VIII. The officer levying the attachment, when upon the stand as a witness, was asked whether he accepted the bond sent him by plaintiff. An objection to this question was properly sustained, for the reason that it called for the statement of a conclusion rather than of facts. He was also asked whether the parties who instituted the suit, in which the attachment he first levied was issued, indemnified him. An objection to the question was sustained. The ruling was correct; the transaction of the parties and the officer in the other case, as to indemnity, had no relevancy to the rights of the parties in this suit.

IX. The officer indorsed upon the writ the fact of the discharge of the goods and his reasons for discharging them, namely: that they were demanded by Rice as his property, and plaintiffs failed to give indemnity. The part of the return showing the reasons for the release of the levy was excluded when offered in evidence. The defendant asked the officer, in his examination, to state why it was he released the goods. An objection to this question was sustained. Both of these objections we think might have been overruled, but we think no prejudice resulted from the rulings of the court. The record shows that defendant relied upon the defense that he law-

fully released the goods because they were claimed by another party and plaintiff refused to indemnify him. The title of the goods was put in issue in the case by this defense. This issue was submitted to the jury and evidence freely and fully admitted thereon. The court correctly instructed the jury upon the issue. The question, then, of the right of defendant to discharge the goods for the reasons set up in his defense was fully and fairly submitted in the case, and the jury passed upon the facts upon which this defense was based. We cannot see how defendant was prejudiced by the exclusion of the evidence in question, when the real reasons of the discharge of the goods were fully submitted in the case. His testimony could not have added anything to the distinctness and prominence in which his reasons for the discharge of the goods were presented in the case.

X. The title of Mortimer Rice, the claimant of the goods, as we have stated, was put in issue in the case. Plaintiffs

5. ——: fraudulent sale: evidence.

insist it is based upon a fraudulent sale. The goods had been sold by Jacobs to Parkinson, and the notes given by Parkinson in payment were held by other parties. The sale from Parkinson to Mortimer Rice was negotiated by Jacobs, and the notes given by Rice to Parkinson were transferred to the wife of one of the parties holding Parkinson's notes. All of these parties had, in this manner, connection with the goods, and sale thereof.

Evidence was introduced tending to show that these parties were, or soon became, insolvent, and that Jacobs was arrested and imprisoned for some alleged fraudulent transaction, and other testimony tending to show the financial standing and practice of these parties was introduced, all against the objection of defendant. In view of the connection of the parties with the sale of the goods, and the transactions involved therewith, upon which are based the charges of fraud, we think the testimony was correctly admitted. Fraud may be shown by circumstances, and whatever has a tendency to establish the intentions of the parties charged therewith is

admissible to establish it.  The facts and circumstances called for by the testimony objected to we think had such a tendency.

XI.  It is insisted that the issues of the case were not fully stated by the court in the instructions to the jury.  We have carefully studied the instructions and pleadings, and conclude this objection is not well taken.  It is also urged that the verdict is not supported by the evidence.  We have carefully examined the testimony as presented to us, and think that the judgment cannot be disturbed upon this ground.

AFFIRMED.