THE STATE OF NEBRASKA, EX. REL. W. H. SNELLING, v. WILLIAM GILLESPIE.

Attachment: TRIAL OF RIGHT OF PROPERTY. Certain property in the possession of and claimed by S. was levied upon under an order of attachment against E. Proceedings were thereupon instituted by S. for a trial of the right of property under the provisions of sections 996, 997, and 998 of the code, and on the trial he was adjudged to be the owner of the property in dispute, and an order was thereupon issued by the justice to require the officer to return the property to the claimant. *Held*, That a judgment in such proceedings in favor of the claimant

is not conclusive as to the ownership of the property, and that the creditor, notwithstanding such judgment, may still contest his right to such property, and that a mandamus will not be granted to compel the officer to comply with the order of the justice.

ORIGINAL application for mandamus.

*J. P. Vanatta*, for relator.

MAXWELL, CH. J.

In December, 1879, A. W. Clapp & Co. commenced an action by attachment in the county court of Lancaster county against Paren England, and caused a quantity of property in the possession of and claimed by the relator to be attached in the suit as the property of England. The relator thereupon instituted proceedings for a trial of the right of property under the provisions of sections 996, 997, and 998 of the code, and on the trial was adjudged to be the owner of the property in dispute, and an order was thereupon made by the justice directing the defendant to return said property to the relator, which he refused to do. The relator now applies for a peremptory writ of mandamus to compel the defendant to deliver the property in question. Will a writ of mandamus be granted in such case?

Section 646 of the code provides that "the writ shall not be issued in any case where there is a plain and adequate remedy at law." Gen. Stat., 640.

In this case the plaintiff has a plain and adequate remedy at law by an action of replevin for the recovery of the property. The proceedings under the code for a trial of the right of property are designed principally as a protection to the officer who may have made a mistake in the discharge of his duty. *B'Hymer v. Sargent*, 11 Ohio State, 685. *Storms v. Eaton*, 5 Neb., 548.

B. & M. R. R. Co. v. Saunders County.

And in such proceedings a judgment in favor of plaintiff is not conclusive as to the ownership of the property in dispute, as the judgment creditor may still contest his right to the same.   It cannot be said, therefore, that the refusal of the officer to return the property to the person adjudged to be the owner of the same is such a failure to discharge an official duty as will authorize the court to compel him by mandamus to do so. The case differs materially from that wherein an officer has levied upon property exempt from execution, and upon an inventory being filed by the debtor refuses to call appraisers.   In such case the officer disregards a plain provision of the code, and willfully refuses to perform his duty.   And, the debtor having no other adequate remedy, the court will compel the officer by mandamus to perform his duty.*   But there is no analogy between such a case and the one at bar. The plaintiff having a plain adequate remedy at law, the writ must be denied.

WRIT DENIED.

---

* NOTE.—See *People v. McClay*, 2 Neb., 7.   *The State v. Cunningham*, 6 Neb., 90.