CASE 72—ORDINARY—MARCH 4.

# Carlisle v. Wathen.

### APPEAL FROM MARION CIRCUIT COURT.

1. When an execution defendant agrees with the sheriff to surrender personalty to him to satisfy a *fi. fa.* in his hands, and the levy is then indorsed, although the property is left with the defendant, the levy is valid as against other execution creditors.

2. The rule which requires the officer to do some act that would be a trespass but for the writ in his hands, has no application to this case.

ROUNTREE & LISLE FOR APPELLANT.

The sheriff's levy was invalid, because he never had possession of the property. (Gen. Stat., chapter 38, sec. 7, art. 1; McIsaacs v. Hobbs, 8 Dana, 271; Gwynne on Sheriffs, 211; Bradley v. Phillips, MS. Cpin., 1864; 8 B. Mon., 203; Civil Code, 641-2.)

RUSSELL & AVRITT FOR APPELLEE.

1. A defendant in an execution may waive objections to the manner in which a levy has been made. (18 Texas Rep., 893.)

2. The debtor was the sheriff's bailee.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

This is an agreed case. The facts are these: In November, 1878, there came to the hands of the appellee, who was then sheriff of Marion county, an execution of *fieri facias* in favor of Lee's administrator against the estate, goods, and chattels of E. G. Enochs.

On the 25th of November the sheriff met Enochs in the county, and Enochs gave up to him certain personal property, which he described, to be levied upon to satisfy the execution. The property was not present, and never was seen or taken possession of by the sheriff, but remained in the possession of Enochs. The sheriff indorsed the levy on the execution, describing the property and stating that it was given up to him to satisfy the execution.

Subsequently other executions issued against Enochs from the quarterly court, and were placed in the hands of a con-stable, who levied them upon the same property upon which the sheriff had previously levied.

The sole question involved is, whether the sheriff's levy was valid.

The general rule is, that it is necessary to the validity of a levy upon personal property that the officer should do some act which would be a trespass but for the process. (McBurnie v. Overstreet, 18 B. Mon., 303.)

The reason for this rule, no doubt, is, that the parties, and especially the defendant, should know that a levy has been made and the property levied upon be known. It would be inexpedient, and might lead to fraud and oppres-sion, if the officer was allowed to keep the fact whether a levy had been made locked up in his own breast.

But when the execution defendant agrees with the officer to surrender certain property to satisfy an execution in the officer's hands, and the levy is at once indorsed on the writ, there seems to be no reason for holding that such a levy is invalid.

And the rule which requires the officer to do some act which, but for the writ, would be a trespass, ought to be restricted to levies made in the ordinary way, and ought not to be applied to a case like this, in which the defendant vol-untarily gives up the property and the officer at once indorses the levy.

If the officer had gone to Enochs' premises and driven the stock from one field to another, and had then indorsed a levy on the *fi. fa.*, and left the stock with Enochs as his bailee, no one would have doubted the validity of the levy. If such a levy would have been valid, it is difficult to perceive

a reason for holding that a levy made with the consent of the execution defendant and indorsed on the *fi. fa.* is not equally valid, without the empty ceremony of entering upon the close of the defendant or doing some other act that, but for the writ, would be a trespass.

The judgment conforms to these views, and must be affirmed.