FRANK E. BOSLOW V. WILLIAM W. SHENBERGER.

FILED JUNE 16, 1897. No. 7385.

1. **Levy of Execution.** A manual interference with chattels is not essential to a valid levy thereon. It is sufficient if the property is present and subject for the time being to the control of the officer holding the writ, and that he in express terms asserts his dominion over it by virtue of such writ.

2. **Waiver of Jury.** When the record shows that a jury was waived at a preceding term, such waiver will be presumed to be general and not for the particular term at which it was made.

ERROR from the district court of Hamilton county. Tried below before BATES, J. *Affirmed.*

*Hainer & Smith*, for plaintiff in error.

*Kellogg & Graybill, contra.*

POST, C. J.

This action of replevin originated before a justice of the peace for Hamilton county, where the defendant in error as plaintiff alleged as his cause of action the levy by him, as sheriff for said county, upon the property in controversy, to-wit, a team of horses, to satisfy an execution against Joseph Gion, and the subsequent wrongful and unlawful seizure of said property by the plaintiff in error, as constable, under and by virtue of an execution against said Gion. There was, on appeal to the district court, a judgment for the plaintiff, from which the defendant prosecutes error.

Both writs were regular in form, although that held by the plaintiff in error was issued without authority of law, there being no judgment against Gion in favor of the plaintiff named therein, the Kalamazoo Wagon Company. Such a writ, being fair upon its face, may, it is conceded, be sufficient to protect an officer against personal liability for acts done in the execution thereof, although it cannot be made the foundation of any right in the property taken thereunder. (Freeman, Executions, sec. 20, and cases cited.) It follows that plaintiff in error's levy was void and invested him with no right of possession as against the defendant in error, and that the latter should recover, provided his levy was regular and sufficient in form, a question to which attention will now be directed. The return of the last named officer shows a levy in due form at the hour of 4 o'clock P. M. of June 20, 1889, and is presumptively correct. (Freeman, Executions, sec. 366.) In addition thereto he testified that he found the team in controversy on the day named at Engel's livery stable, in the village of Hampton; that said property was pointed out to him by Mr. Thayer, then in charge of the stable; that he immediately notified him, Thayer, that he had levied upon said team as the property of Gion, and thereupon

indorsed said levy upon the execution.   He testified, also, that he arranged with Thayer to keep the team and allow no one to remove it while he was engaged in the transaction of some other business preparatory to his return to the county seat, but that upon his return shortly thereafter to the stable he found the plaintiff in error standing between the horses, claiming possession by virtue of a levy under the execution above mentioned, and refusing to surrender said team upon demand.   Was there, in view of the facts stated, a levy by defendant in error which clothed him with a special ownership of the property in controversy?   That question must, we think, be resolved in the affirmative.   It has uniformly been held sufficient to constitute a valid levy if the property is for the time being under the control of the officer, and if he openly and in express terms asserts his dominion over it by virtue of the writ.   (*Barker v. Binninger*, 14 N. Y., 270; *Roth v. Wells*, 29 N. Y., 471; *Bond v. Willet*, 31 N. Y., 102; *Lloyd v. Wykoff*, 11 N. J. Law, 218; *Johnson v. Walker*, 23 Neb., 736; 7 Am. & Eng. Ency. of Law, 149, and cases cited in note.)   That the property was, in this instance, within the control of the officer cannot, upon the facts, be doubted, and his act in entrusting it to the custody of Thayer with direction to allow no one to remove it was a sufficient assertion of his title under the writ.

Plaintiff in error, on the trial, relied also upon a subsequent levy by virtue of an order of attachment against Gion.   It follows, however, from the conclusion reached respecting the sufficiency of defendant in error's levy, that there exists no foundation for that contention and it may accordingly be dismissed without further comment.

It is alleged that the district court erred in denying plaintiff in error a trial by jury upon demand by him. We observe from the transcript that the cause came on for trial on the 29th day of March, 1894, that being one of the days of the regular March term, whereupon the defendant demanded a jury, but that a jury having been

waived by both parties at a previous term, said demand was denied, to which the defendant excepted. A jury may be waived by agreement of parties in open court (*Gregory v. Lincoln*, 13 Neb., 352); and in the absence of a more complete record, we must presume that the waiver in this case was general, and not confined to the term at which it was made. There is no error in the record and the judgment is

AFFIRMED.