## LOUIS REIN v. W. W. KENDALL, SHERIFF.

FILED JUNE 23, 1898.  No. 8218.

1. Chattel Mortgages: LEVY OF ATTACHMENT: PRIORITY. A chattel mortgage made and filed for record in accordance with an agreement between the parties thereto that the mortgagor would give security of that kind, *prima facie* vested the mortgagee with the right of possession of the property mortgaged as against an officer levying on the said property in the interval of time between such filing and the mortgagee's acquisition of knowledge that such filing had actually taken place.

2. ——: FRAUDULENT INTENT: EVIDENCE. The question of fraudulent intent in the making and acceptance of a chattel mortgage is a question of fact as between the parties thereto and an officer who levies on the mortgaged property notwithstanding the record of said instrument and in defiance of the rights of the mortgagee asserted thereunder; and to sustain an attack on the mortgage as fraudulent against creditors there must be some evidence of the *mala fides* charged.

ERROR from the district court of Howard county. Tried below before THOMPSON, J. *Reversed.*

*Henry Nunn,* for plaintiff in error.

*Frank J. Taylor* and *F. H. Woods, contra.*

RYAN, C.

Plaintiff Louis Rein replevied from the sheriff of Howard county 100 bushels of wheat and a cast-iron land

roller. The sheriff's possession was by virtue of a writ of attachment which had been issued and levied in an action brought against John Dobry, in whose possession the property was when the levy was made. Plaintiff's right of possession was asserted under and by virtue of a mortgage signed by the owner of the property in dispute November 14, 1893, and by him filed for record in the proper office on the day following its date. The levy of the attachment referred to was before the mortgagee knew that the mortgage had been signed or filed of record, though there is no contradiction of the evidence of the mortgagor and mortgagee that it had been agreed between them before the mortgage was made that it should be executed upon chattels of the mortgagor, and there was no contradiction of the testimony of the mortgagor that some of the property was mentioned which was afterwards mortgaged. The defendant in error defends the judgment of the district court on two grounds: First, that the filing did not amount to a delivery, because there was no knowledge by the mortgagee of the actual existence of the mortgage before the levy of the attachment, against which, therefore, it was inoperative; and, second, the mortgage was fraudulent as to creditors of Dobry.

The rule in relation to the presumption arising from the filing for record of a mortgage is the same as that with reference to the filing of a deed by the grantor, and such recording of the latter has been held to afford *prima facie* evidence of title in the grantee. (*Bowman v. Griffith*, 35 Neb. 361; *Issitt v. Dewey*, 47 Neb. 196; *Gustin v. Michelson*, 55 Neb. 22.) In *Brown v. Westerfield*, 47 Neb. 399, it was held that it was not essential to the validity of a deed that it should be delivered to the grantee personally, but that it was sufficient if the grantor delivered it to a third person, unconditionally, for the use of the grantee, the grantor reserving no control over the instrument. The filing of the mortgage for record, therefore, was sufficient to evidence, *prima facie,*

a delivery of the mortgage as against the levy of an attachment on the property mortgaged after the mortgage had been recorded.

There was no evidence from which a fraudulent intent on the part of the mortgagor or mortgagee could be inferred. The debt secured was *bona fide*, and there was no relation between the parties from which a presumption against the fairness of the transaction could properly be inferred. The mortgagee received other security in the form of collaterals about the same time the mortgage was made, but his testimony showed in the trial that he had not therefrom collected a sufficient sum in the aggregate to satisfy the indebtedness due him. At any rate his right of present possession at the time of the trial was dependent upon the condition of affairs at the commencement of the action. (*Kavanaugh v. Brodball,* 40 Neb. 875; *Brown v. Hogan,* 49 Neb. 746.) "The question of fraudulent intent in all cases arising under the provisions of this chapter shall be deemed a question of fact and not of law," etc. (Compiled Statutes, ch. 32, sec. 20. See also the authorities cited on the proposition in *Shaw v. Robinson,* 50 Neb. 403.) As the record of the mortgage, *prima facie,* vested the mortgagee with an interest in the mortgaged property such as to entitle him to the possession thereof, and as there was no evidence of a fraudulent intent in giving or accepting said mortgage, the judgment of the district court must be, and accordingly is, reversed.

REVERSED AND REMANDED.

SULLIVAN, J., dissenting.