BEN FIDLER, APPELLANT, V. HARRY H. ADAIR, APPELLEE.

FILED DECEMBER 30, 1922. No. 22196.

1. **Justice of the Peace:** TRIAL OF RIGHT OF PROPERTY: JUDGMENT. In proceedings under sections 9003-9005, Comp. St. 1922, the only judgment a justice of the peace is authorized to render is a judgment for costs, and the order therein provided of the justice to the officer, directing restoration of the property, is not a judicial order, but merely the means of apprising the officer of the result of the inquisition.

2. **Demurrer.** *Held,* that the court did not err in sustaining the demurrer to the petition.

3. **Pleading:** AMENDMENT: DISCRETION OF COURT. An application to amend a pleading is always addressed to the sound legal discretion of the court, and, as it is essential to the exercise of that discretion that the court be informed of the nature and purpose of the proposed amendment, before error can be predicated upon the refusal of the court to permit an amendment the record must show that under the circumstances the ruling of the court was an abuse of discretion.

4. **Dismissal.** *Held,* that the court did not err in entering a dismissal of plaintiff's petition.

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Charles Lockie, Evans & Evans* and *F. G. Iddings,* for appellant.

*Snyder, Gleysteen, Purdy & Harper, George W. Leamer, Vail E. Purdy* and *Fred H. Free, contra.*

Heard before MORRISSEY, C. J., ROSE and FLANSBURG, JJ., REDICK and SHEPHERD, District Judges.

MORRISSEY, C. J.

Plaintiff, as the assignee of one W. H. Werner, filed

his petition in the district court for Dakota county, alleging that, in August, 1915, the sheriff of Dakota county levied an order of attachment upon certain personal property belonging to plaintiff's assignor, which order of attachment had been issued at the suit of William Tackaberry Company, C. Shenkberg Company, and R. Hurni Packing Company, against Anna C. Bailey and S. F. Bailey.

It is alleged that Werner served notice of ownership of the property attached upon the sheriff, whereupon the proceedings provided for by sections 9003-9005, Comp. St. 1922, were had before a justice of the peace within and for Dakota county; that the jury summoned by the justice found Werner to be the owner of the property and fixed its value at $650, "and judgment thereon was duly entered by the said justice of the peace. * * * Plaintiff further states that after said verdict was awarded and said judgment entered, as provided by statute, the said Wm. Tackaberry Company, C. Shenkberg Company and R. Hurni Packing Company executed and delivered to the said W. H. Werner a bond in the penal sum of $1,300, and that Harry Adair signed said bond as surety thereon." A copy of the bond is attached to the petition and made a part thereof. The petition further alleges that the sheriff retained possession of the property and sold the same on execution; that Werner was thereby damaged in the sum of $682, and that no part thereof has been paid to Werner or plaintiff, his assignee. There is a suitable allegation of the assignment of the cause of action by Werner to plaintiff, and an allegation that there is due and owing to plaintiff the amount of the alleged damage, and a prayer for judgment. To this petition defendant filed a general demurrer. The demurrer was sustained by the trial court November 6, 1919. Plaintiff excepted to the ruling and filed a transcript on appeal in the supreme court. Subsequently plaintiff dismissed his appeal and the cause was remanded to the district court. Thereafter the following record is

made: "Now on this 28th day of March, A. D. 1921, to-wit: This cause came on for hearing, when an application of plaintiff to amend his petition was denied, to which plaintiff excepts. Case is dismissed at cost of plaintiff."

On this appeal it is urged that the court erred in sustaining the demurrer to the petition; in refusing to allow plaintiff to amend his petition, and in entering a judgment of dismissal. In support of the first assignment it is claimed that the judgment entered by the justice of the peace was conclusive as to the right of property, but, even though this court should not so hold, plaintiff has the right to bring this suit on the bond for its wrongful sale. It may be noted that the property was found to be in an amount in excess of that over which a justice of the peace has jurisdiction under our Constitution. If the statute were to be given the construction contended for by appellant, it could not be upheld because of the constitutional limitation. It has, however, never been so construed. It was first before this court in *Storms v. Eaton,* 5 Neb. 453. Its history is there reviewed. The precise point here presented was not there directly involved, but the court pointed out the purpose of the statute. And in the discussion it is shown that, if the finding of the jury be in favor of the claimant, the attaching creditors may tender the undertaking and require the officer to proceed, thus giving claimant the right to maintain an action upon the undertaking rather than against the officer. This theory of the statute has been followed without interruption, and in *Mc-Cormick Harvesting Machine Co. v. Scott,* 66 Neb. 481, it is expressly announced: "The only judgment a justice is authorized to render is a judgment for costs." And it is further held: "The order therein provided of the justice of the peace to the officer, directing restoration of the property, is not a judicial order, but merely the means of apprising the officer of the result of the inquisition."

It will thus be seen that the proceedings had before the justice of the peace did not constitute a final adjudication of the rights of plaintiff in the property attached. The bond on which the suit is brought created a liability against defendants only "in the event that the right of property in and to said goods shall finally be adjudged to be in said claimant." The petition fails to state facts showing that such final adjudication has been made and the demurrer was therefore properly sustained.

Did the court err in denying plaintiff's application to amend his petition? By section 8656, Comp. St. 1922, an application to amend a pleading is always addressed to the sound legal discretion of the court. And it is essential to the exercise of that discretion that the court be informed of the nature and purpose of the proposed amendment. This was not done. The amendment, if allowed, might have been frivolous or it might have stated an entirely new and different cause of action. Before a pleader can predicate error upon the refusal of the court to permit an amendment to his pleading the record must show that under the circumstances disclosed the action of the court amounted to an abuse of discretion. *Hurlbut v. Proctor*, 88 Neb. 491.

The case had been upon the docket many years, but there was no pleading on file that stated a cause of action, and the court did not err in entering a dismissal at the costs of plaintiff.

AFFIRMED.