MARIE MILLER, APPELLANT, V. RAYMOND L. CROSSON, SHERIFF, ET AL., APPELLEES.

FILED MAY 19, 1936. No. 29602.

*Carrico & Carrico,* for appellant.

*Edmund P. Nuss, contra.*

Heard before GOOD, EBERLY and PAINE, JJ., and CLEMENTS and THOMSEN, District Judges.

THOMSEN, District Judge.

Plaintiff, a judgment creditor, caused an execution to be issued and delivered to the sheriff with directions to levy upon an automobile belonging to the judgment debtor. The levy was made, but the sheriff, finding possession and apparent legal title in another, released the levy and returned the property to the latter. Plaintiff contends ownership of the automobile to have been in the judgment debtor and brings this action for damages against the sheriff for the loss of the value of the property so levied upon. At the close of plaintiff's evidence, the court on motion of defendants dismissed the case. The plaintiff has appealed. The sheriff's return to the execution presents, in substance, his defense, so it is set out in full:

"State of Nebraska, \} ss.
"Adams county.

"Received this writ on the 10th day of March, 1934, at the hour of 2:00 p. m., and I hereby certify that after instructions from plaintiff's attorney to levy on an automobile owned by the within named defendant, Ralph J. Miller, I on the 10th day of March, 1934, made a diligent search to locate the within named Ralph J. Miller, but was unable to do so.

"March 11, 1934, being Sunday, no effort to locate the said Ralph J. Miller was made.

"On the 12th day of March, 1934, I located the said Ralph J. Miller, in Juniata, Adams county, Nebraska, but could not find his automobile, but was informed by the said Ralph J. Miller that said automobile was loaned to a friend, who would return it that night. Ralph J. Miller informed me that he would deliver said automobile to me at the courthouse, in Hastings, Adams county, Nebraska,

on the following morning. Upon his failure to do so, I made another attempt to locate the said Ralph J. Miller, and at 6:30 p. m. I located him at his home in Juniata, Adams county, Nebraska. At that time he informed me that the automobile had been sold on March 10, 1934, to Lester Willmes and that the automobile was then at the home of the said Lester Willmes.

"I took Miller with me and went to the home of Lester Willmes, where I levied on a Chevrolet Coach automobile, motor number 2960173, as the property of the said Ralph J. Miller. Willmes informed me that the automobile was his property, that it was registered as such with the Adams county, Nebraska, treasurer, and that the automobile bore license plates issued to him, Lester Willmes.

"With the consent of Lester Willmes, Ralph J. Miller drove the automobile to Juniata, Nebraska, where it was turned over to me, and I brought it to Hastings, Adams county, Nebraska.

"On March 14, 1934, I investigated records in the office of the Adams county treasurer and learned that the automobile on which I had levied was, at the time of levy, the property of said Lester Willmes, and duly registered as such. Also on the 14th day of March, 1934, I received from the said Lester Willmes the attached notice of ownership of said automobile and demand for its return to the said Lester Willmes.

"Being convinced that I had levied on property not owned by the said Ralph J. Miller, at the time of levy, I returned said automobile to the said Lester Willmes, and this writ is herewith returned unsatisfied, as after diligent search, I am unable to find any goods, chattels, lands or tenements of the said Ralph J. Miller on which to levy.

"All done in Adams county, Nebraska.

"Dated this 30th day of March, 1934.

"Raymond L. Crosson, sheriff,

"By J. Floyd Arnold, deputy."

The plaintiff, as part of her case, offered and had received in evidence the execution and return, copy of the

recorded certificate for transfer of license and the transfer record from the judgment debtor to Willmes. Were these facts sufficient to establish a *prima facie* case of ownership in Willmes, considering all other circumstances in evidence? If they were, the plaintiff went too far in her proof and the court was right in sustaining defendants' motion for dismissal at the close of plaintiff's case. If a *prima facie* defense was not so established, then the defendants should have been required to produce their proof. Defendants support the dismissal by asserting that lack of title in Willmes could be shown only by plaintiff's pleading and proving fraud. However, this postulate assumes a genuine sale and casts the burden of proving invalidity on plaintiff. Here a valid sale, a *bona fide* change of ownership, must be established. The action is not one brought to set aside a transfer.

Inferences of fraud do exist in the record and evidence of *bona fides* is lacking. In the cases cited by defendants, *Rein v. Kendall,* 55 Neb. 583, 75 N. W. 1104, and *Everitt v. Farmers & Merchants Bank,* 82 Neb. 191, 117 N. W. 401, a full explanation of the facts was presented in the evidence. Here the only evidence on the subject is execution by the judgment debtor of the statutory transfer papers required for issuance of a new automobile license to the transferee. No consideration is shown for the transfer. Consideration is not presumed; it must be proved even in contracts required to be in writing. See Comp. St. 1929, sec. 36-407; 1 Page, Contracts, sec. 654. No oral or written evidence of consideration is presented. Reasonable evidence shows that the transfer was made after the debtor had been informed of the execution held by the sheriff and after debtor's promise to deliver the car. The only reasonable inference from the facts is that the transfer was made to avoid a levy; that the transfer was for convenience only and fraudulent. Such conclusion does not arise to the dignity of a presumption; but such facts and inferences prevent the proof submitted in plaintiff's case from establishing a *prima facie* defense. The burden rests on the defendants

to establish the *bona fide* ownership of the automobile in the apparent purchaser. The sheriff must show a valid excuse for the release of his levy. *Wadsworth & Co. v. Walliker,* 51 Ia. 605, 2 N. W. 420; *Ansonia Brass & Copper Co. v. Babbitt,* 74 N. Y. 395; *Albany Belting & Supply Co. v. Grell,* 67 App. Div. (N. Y.) 81; *People v. Snow,* 250 Ill. App. 170. By his acts the sheriff has assumed the burden of proving those facts which in replevin against the sheriff the apparent buyer would be required to establish. If a preponderance of the evidence shows a valid sale, an exoneration follows; otherwise not. Thus, the foregoing inferences weigh in the scale of *bona fides.* Fraud, if any, is not the essential fact; it merely becomes an obstacle in the path which the sheriff must follow to establish *bona fide* ownership in Willmes. The sheriff should have submitted his evidence. The evidence submitted by plaintiff was insufficient to establish the sheriff's defense. The court was in error in dismissing the case at the close of plaintiff's evidence.

Plaintiff asserts that the court should, as a matter of law, have found for plaintiff in that, it is claimed, delivery of the execution to the sheriff fixed a lien on the property. This is true at common law (23 C. J. 490), but not in Nebraska, nor in those states which do not follow the common-law rule. Section 20-1504, Comp. St. 1929, provides in part: "Goods and chattels of the debtor shall be bound from the time they shall be seized in execution." See 23 C. J. 492.

Plaintiff further contends that, by the promise of the debtor to surrender the car for the purpose of a levy, the seizure of the property later was a sufficient levy as of the time of the promise, citing *Carlisle v. Wathen,* 78 Ky. 365. It is a sufficient answer that Kentucky follows the common-law rule, *Whitehead v. Woodruff,* 74 Ky. 209. Moreover, in order to constitute a sufficient levy in this state, the officer must have and exercise such control and dominion over the property as, without the writ, would make him a trespasser. *Battle Creek Valley Bank v. First*

*Nat. Bank of Madison,* 62 Neb. 825, 88 N. W. 145; *Boslow v. Shenberger,* 52 Neb. 164, 71 N. W. 1012; *Grand Island Banking Co. v. Costello,* 45 Neb. 119, 63 N. W. 376; *Pitkin v. Burnham,* 62 Neb. 385, 87 N. W. 160. The Kentucky case, *Carlisle v. Wathen, supra,* is an anomaly. Overwhelming weight of authority holds the contrary. See 21 Am. Dig. (Cent. ed.) Executions, secs. 290, 291, 293, 297, 299 and 301; 8 Dec. Dig. Executions, secs. 127, 129. Actual physical possession of property need not always be taken to constitute the levy. Practical considerations may make this impossible as in the case of growing crops (*Grand Island Banking Co. v. Costello, supra,*), but at least the officer should have the property under his control and "openly and in express terms assert dominion over it by virtue of the writ." 15 Standard Ency. of Procedure, 940; *Boslow v. Shenberger, supra.*

That the sheriff had made a prior return of the execution *nulla bona,* about which plaintiff complains, which return he took from the clerk's files and for which he substituted the one copied above, we consider as immaterial. He could by court order have been permitted to amend. Moreover, the suit is not brought for the sheriff's making a false return.

Plaintiff contends that the sheriff's failure to comply with sections 20-1521 *et seq.,* Comp. St. 1929, fixed liability and that the sheriff cannot escape payment of the value of the property lost by his release of the levy. These sections relate to trial before a justice of the peace and a jury of the right to seized property when claimed by a third person. The general futility of such proceedings are shown by cases cited below. It has some value, however. "A judgment rendered by a justice of the peace in those jurisdictions where the trial of the right of property is had before a justice is not binding upon any of the parties in any respect, except that it concludes the claimant from all right of redress against the officer making the levy." 16 Standard Ency. of Procedure, 157; that is, if the claimant proceeds with his part of the undertaking

and loses; otherwise not. *Storms v. Eaton,* 5 Neb. 453; *State v. Gillespie,* 9 Neb. 505, 4 N. W. 239; *Bray v. Saaman,* 13 Neb. 518, 14 N. W. 474; *McCormick Harvesting Machine Co. v. Scott,* 66 Neb. 481; *Fidler v. Adair,* 109 Neb. 404, 191 N. W. 683. Of course, if the property were owned by a third person, that fact must be a complete defense whether the sheriff complied with the foregoing sections of the statutes or not. No penalty for noncompliance is provided, but by such noncompliance the sheriff has now undertaken a burden of proof which such trial may have made unnecessary.

In view of the fact that the attorney for plaintiff directed upon what property the sheriff should levy, and such levy was made, at least as a matter of courtesy and to some extent as a measure of security, when presented with Willmes' claim he should have notified plaintiff or her attorney. Ann. 91 A. L. R. 922. Having levied and being confronted with an apparently legal claim, it would seem he might have required an indemnity bond in the event plaintiff insisted upon retention and sale of the property. *Comstock-Castle Stove Co. v. Caulfield,* 1 Neb. (Unof.) 542, 95 N. W. 783; *Mihalovitch, Fletcher & Co. v. Barlass,* 36 Neb. 491, 54 N. W. 826; *Omaha Nat. Bank v. Robinson,* 56 Neb. 590, 77 N. W. 73; Note, 16 Ann. Cas. 1045; *State v. Sharp,* 34 Tenn. 615; 57 C. J. 849. So the sheriff was not entirely helpless in the circumstances.

In view of our conclusion that the court erred in sustaining the motion for dismissal, the judgment is reversed and the cause is remanded for a new trial.

REVERSED.