MARIE MILLER, APPELLANT, V. RAYMOND L. CROSSON, SHERIFF, ET AL., APPELLEES.

277 N. W. 796

FILED FEBRUARY 11, 1938. No. 30223.

*Carrico & Carrico,* for appellant.

*Edmund P. Nuss* and *J. E. Ray, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and WILLIAM A. DAY, District Judge.

DAY, J.

This is an action to recover from a sheriff and his bonding company for damages occasioned by the loss alleged incident to an execution issued to him as such officer. This case was previously before this court. *Miller v. Crosson,* 131 Neb. 88, 267 N. W. 145. Those desiring an extended statement of facts are referred to that opinion. It seems sufficient now to state that an execution was

caused to issue to the sheriff under which he levied upon a car. A third party claimed ownership of the car, and the sheriff released it upon demand and evidence of ownership. This case was also heard twice by the district court. The last trial in the district court was to a jury, and the verdict was in favor of the sheriff. There are no errors alleged relative to the submission of the issues involved. There is no merit in the appeal which Miller prosecutes in this court.

This court cannot set aside the verdict of the jury in this case. A verdict based upon conflicting evidence, in the absence of legal error, will not be disturbed unless clearly wrong. *Peterson v. Omaha & C. B. Street R. Co.,* 131 Neb. 676, 269 N. W. 510, states an old rule of this jurisdiction, supported by numerous cases. The jury had the entire controversy before them, and the evidence is sufficient to support the verdict. There is no legal error, and this court cannot assert that the verdict is clearly wrong.

A new trial cannot be granted on the grounds of newly discovered evidence unless, among other things, it would probably change the result. The newly discovered evidence in this case is that of two witnesses who make affidavit that one of the witnesses had, upon another occasion, made a statement contradictory to that made at the trial. This witness was a witness for the sheriff. A motion for new trial on the ground of newly discovered evidence rests in the sound discretion of the trial court. *Allender v. Chicago & N. W. R. Co.,* 119 Neb. 559, 230 N. W. 102; *Blaha v. Chicago & N. W. R. Co.,* 119 Neb. 611, 230 N. W. 453.

Again, this court has held that newly discovered evidence, if merely cumulative or impeaching, or which probably would not change the result, does not require a new trial. The evidence relied upon is impeaching of the testimony of one witness. The issue in the trial court was the ownership of the car. It was merely cumulative on that issue. It was not such evidence as would probably change

the result of the trial. The experienced trial judge who heard the case did not abuse his discretion when he refused to grant a new trial.

The alleged misconduct of the attorney for the appellees is not sufficient to grant a new trial. The conduct of the attorney cannot be approved as a model of decorum in the courtroom. However, the conduct of counsel is not comparable to that delineated in *Hall v. Rice*, 117 Neb. 813, 223 N. W. 4, or in *Ashland Land & Live Stock Co. v. May*, 59 Neb. 735, 82 N. W. 10. The counsel for the appellees asked certain witnesses questions which, implicitly at least, suggest they were professional witnesses, and therefore not to be believed. From all the circumstances of the case it is not apparent that the improper and ungentlemanly conduct of counsel had any influence on the jury, or distracted their attention from the real issue. To require a new trial, the misconduct of the attorney must be such as prejudices the substantial rights of a party.

An examination of this case does not disclose any reversible error.

AFFIRMED.