### Isaac H. Smith v. Edward V. Cicotte.

A sheriff before levying a writ of attachment upon property of the title to which there is reasonable doubt, has a right to require a bond of indemnity, and to refuse to execute the writ by seizure of such property until the bond is given.

A sheriff was directed to levy an attachment upon a stock of goods which were claimed under a mortgage given by the attachment debtor. The creditor promised to indemnify him for so doing. The sheriff took possession and inventoried a part of the goods, but the creditor failed to indemnify, and the goods were taken away by the mortgagee. The sheriff made return to the writ of these facts. The creditor having recovered judgment in the attachment suit, and had execution returned *nulla bona*, brought suit against the sheriff for not retaining the property to respond to the judgment. It was held that he was not entitled to recover.

*Heard June 3d, 1862. Decided May 30th.*

Error to Wayne Circuit.

In July, 1858, the plaintiff in error sued out of the Circuit Court for the county of Wayne an attachment against the property of Charles Taylor, on an indebtedness of some six hundred dollars, and delivered the same to a deputy of the defendant, who was then Sheriff of said county, for service.

The deputy made return to this writ as follows:

"STATE OF MICHIGAN, COUNTY OF WAYNE, ss.

"I do hereby certify and return, that on the 14th day of July, A. D. 1858, a writ of attachment was placed in my hands, as Deputy Sheriff, issued out of the Circuit Court for the county of Wayne, at the suit of Isaac H. Smith v. Charles Taylor; that on the said day I proceeded to attach the goods and chattels of said Taylor, as directed by said writ; and upon investigation found that said goods and chattels consisted of a stock of groceries with which said Taylor was doing the ordinary business of a grocery and provision store; that the said plaintiff directed me only to attach such goods in said store as was not covered by a chattel mortgage given by said Taylor, about the 1st of April last, to secure certain indebtedness therein described, and in no manner to interfere or attach any goods claimed by the mortgagee in said mortgage: not being able to designate any particular goods not contained in said mortgage, as said mortgage covered the entire stock, and I was forbid by the mortgagee from taking any of said goods, I declined to serve said attachment, without first being furnished with a good and sufficient bond of indemnity against loss for any official action that I might take in the premises: being assured by the plaintiff that a good bond would be furnished me before I removed any of said property, I proceeded to attach certain goods and chattels, as named in the inventory hereto attached, having to select them from the best of my judgment, from the stock on hand, as the goods most liable to be seized by said attachment, I made the inventory hereto attached, and had the same appraised by Wilkey Moore and William C. Jones, two disinterested freeholders of the county of Wayne, and who appraised said goods at the several sums set opposite each article, as being its cash value (said appraisers first being by me duly sworn). From time to time and day to day I soli-

cited the plaintiff to make me the requisite bond of indemnity, from the said 14th day of July till the present day, which he has entirely failed and neglected to do, and for the reason of several counter claims being set up to the ownership of said goods, and being threatened with a suit of trespass and replevin, and much good ground from all the circumstances, in my opinion, for a long, tedious and harassing law suit, would grow out of my official action, I did not feel justified in removing said goods from the store occupied by said defendant, without being furnished with a good and sufficient bond of indemnity by said plaintiff, and further, that during the making of said inventory and appraisal of the goods, named in the appended certificate, the said stock of goods were taken possession of by E. N. Willcox, agent and attorney of the mortgagee, and the possession of said goods forcibly arrested from me, and the whole of said stock of goods, together with these articles enumerated in the inventory hereto attached, are now in the possession of the agent of the mortgagee named in the aforesaid chattel mortgage: and also, I made a true copy of the writ of attachment, affi-davit and inventory, and served the same upon the defendant, personally, by reading the same to him, and giving him said attested copy.

E. V. Cicotte, *Sheriff.*

By Wm. Champ, *Deputy Sheriff.*"

After this return, plaintiff filed his declaration in the attachment suit, and proceeded to judgment and execution therein. The execution having been returned *nulla bona,* this suit was then brought against the sheriff, and declaration filed against him in case, for suffering said Willcox to take from his possession said stock of groceries, instead of retaining the same to satisfy the judgment in the attachment suit.

On the trial in the Circuit Court the defendant had judgment, which was removed to this Court for review

on exceptions. The evidence on the trial, and the charge of the Court, are sufficiently shown by the opinion.

*J. E. Bigelow,* for plaintiff:

A sheriff at the common law was bound to execute the duty of his office at his peril; and the same is true now, except where the Legislature has intervened in his favor, and changed the rule; which has not been done in regard to writs of attachment in this state:— *Watson's Sheriff,* Ch. 10 § 6; 2 *Tidd Pr.* 1008; 4 *T. R.* 633, 648.

*W. P. Yerkes* and *Knight & Jennison,* for defendant:

The sheriff is not bound to levy an attachment and hold the goods at his peril, where there is a reasonable doubt in relation to the title of the property, and when n demnity is required or promised, and not given. A statute is not required to excuse the sheriff in such cases: 2 *Greenl. Ev.* § 585; *Bond v. Ward,* 7 *Mass.* 124.

The attachment being merely nominal, the return does not make the officer liable to the sheriff for not having the property to respond to the judgment:— *Abbott v. Edgerton,* 30 *Vt.* 208; *Ordway v. Bacon,* 14 *Vt.* 378.

MARTIN CH. J.:

The principal question in this case is that of the right of a sheriff to require a bond of indemnity before levying a writ of attachment upon property of the title to which there is reasonable doubt; and to refuse to execute the writ by seizure of such property until such bond shall be given. The bill of exceptions shows that evidence was offered tending to show that the only property of the defendant in attachment was that which the defendant was directed to seize; that the title to it, or to portions of it, was in question, and adverse claims were made to it that an agreement had been made by the plaintiff to give a bond of indemnity; that a bond was offered which was sufficient, but before it was actually received and accepted

the principal surety found that he had been deceived in respect to his liability, and erased his name, and that such bond was never actually accepted. Shall the Sheriff be liable under such circumstances for refusing to serve the writ? Where a writ of attachment, or an execution, is placed in the hands of a Sheriff, he is ordinarily bound to execute it at his peril. If, however, in his search for property he has notice of adverse claims to such as may be found or pointed out, or reasonable doubt of the debtor's title, he has the right to demand indemnity before proceeding to the execution of the writ. He is not bound to seize property because directed to do so, if he knows it to belong to another than the debtor, or if he reason_ably and in good faith apprehends that a paramount title exists in another. This is the rule in cases of seizure upon execution (See *Comp. L.* § 4490); and the same principle must extend to attachments. The one is taking upon final process, the other upon mesne; but both to subserve the same end, namely, the collection of the debt proven or claimed to be due. The reasons which authorize him to require indemnity in the one case exist in the other; and it is moreover a natural and reasonable right. The sheriff should not be bound or required to levy process upon property at the command of a creditor, at his peril, which he knows does not belong to the debtor, or of the title to which he has honest and reasonable doubt: for instance, if he finds it in the possession of another under claim of title, or learns that an adverse or colorable title—as that of mortgagee, or the like—is asserted by another. In such case, he may require indemnity before proceeding to execute the writ. And especially where indemnity is offered and promised, he is most clearly entitled to delay such execution until it be furnished, and refuse to act if it be withheld; for then he acts not entirely by authority of law, but also by agreement with the creditor. It does not lie in the mouth of the latter, under such circumstances,

to insist upon the execution of process which he has agreed shall not be executed before he has done some act upon his own part which he neglects; or upon any strict rule of law which he has by such agreement waived. The Judge, therefore, properly charged the jury that, "if the jury found that an agreement was made to give a bond of indemnity, and that the same was not given, then the defendant was not liable for not attaching the property, and that it was for them to find the facts from the evidence; that whilst it might be true that the statute as to bonds of indemnity did not apply to writs of attachment, still, if the sheriff could make it appear that the title was not in the defendant, he ought not to be holden, and might make such defense; that as to the second point, if the jury believed from the testimony that a bond of indemnity was agreed to be given, and that it was not done, the Sheriff was not liable for not levying; that it was a question for them to decide whether the bond executed by Knowles was ever delivered or accepted, and whether Mr. Knowles was so deceived that he was justified in erasing his name if the same had not been delivered; that in view of the testimony, it may, perhaps, be unnecessary to decide the other point made by the defendant, that this bond never was the bond of Knowles at all; that whilst it may be necessary for the Sheriff to show in a case like this, that the title was in fact not in the defendant in the writ, yet if he showed a chattel mortgage valid on its face, it was for the other party to invalidate it by showing that it was fraudulent, and not for the Sheriff affirmatively to prove that it was not fraudulent; that in this case, the evidence was before the jury to find as to the good faith of the mortgage in evidence." The Court was also correct in charging "that the question in this case seemed to be whether a good bond was agreed to be furnished, and if so, whether it was in fact furnished, and that these were questions for them to find."

SMITH v. CICOTTE.

The whole subject was fairly left to the jury, and the judgment must be affirmed, with costs.

The other Justices concurred.