MIHALOVITCH, FLETCHER & COMPANY ET AL. V.
DAVID L. BARLASS.

FILED MARCH 29, 1893.  No. 4564.

1. **Attachment**: INDEMNIFYING BOND.  An officer in whose hands
an attachment is placed to be levied upon goods of the debtor in
the action may, where there is doubt as to the ownership of the
goods, demand an indemnifying bond from the plaintiff in the
attachment.

2. ———: ACTION ON INDEMNIFYING BOND: FRAUD BY OFFICER
EXECUTING WRIT: PLEADING.  If an officer, by collusion and
fraud, should permit a judgment to be wrongfully rendered
against him, these facts may be pleaded to an action on such
bond, together with a statement of the plaintiff in attachment
that the property levied upon was that of the debtor in attach-
ment.

3. ———: ———: ———: DEFENSE.  The fact that an officer per-
mits judgment to be rendered against him for an alleged wrong-
ful levy without making a defense, although a circumstance
which with others may show fraud, yet in order to do so it must
appear that a defense was available.

ERROR from the district court of Adams county.  Tried
below before GASLIN, J.

*Bowen & Bowen,* for plaintiffs in error.

*Capps, McCreary & Stevens,* and *John M. Ragan, contra.*

MAXWELL, CH. J.

This is an action upon an indemnifying bond for the sum
of $550 given by the plaintiffs in error to the defendant in
error, who was sheriff of Adams county, to indemnify him
for levying upon and selling certain property levied upon
as belonging to one Fist, who was indebted to the plaintiff
in error.  On the trial of the cause the jury returned a
verdict in favor of the defendant in error for the sum of

$550, upon which judgment was rendered.    The principal
error relied upon is that the verdict "is contrary to law."

The testimony tends to show that on the 24th of Sep-
tember, 1887, the plaintiffs in error commenced an action
in the district court of Adams county against one Emmanuel
Fist to recover the sum of $274.50, and caused an attach-
ment to be issued which was placed in the hands of the
defendant in error for service; that he refused to levy the
same upon the property alleged to be that of Fist, unless
the plaintiffs in error would execute to him an indemnify-
ing bond, which they did, whereupon he levied the attach-
ment on certain property in a car on the St. Joe & Grand
Island Railway Company which was consigned to the A.
Furst Distilling Company, St. Joe, Mo.    The plaintiff in
error recovered judgment against Fist and an order for the
sale of the property so levied upon, and the property was
sold under said order.    On the 7th of November, 1887,
the Furst Distilling Company brought an action in replevin
in the district court of Adams county against the defend-
ant in error for the recovery of said property, but as it had
been sold under the order of court and the proceeds applied
on the judgment of the plaintiffs in error, the only remedy
of the Distilling Company was an action for conversion of
the property.    The action was therefore changed to one for
conversion, and the names of the plaintiffs in error were
omitted from the petition, and the action proceeded against
the defendant in error for the value of the property, and
judgment was recovered for the sum of $2,000, which
judgment is unreversed.    The defendant in error thereupon
brought an action on the indemnifying bond.    It seems to
have been claimed in the court below that there was no law-
ful authority to give an indemnifying bond and therefore
it is void, and the capable judge before whom the case was
tried, in overruling the motion for a new trial, bases his
action principally on the ground that such authority does
exist and that the bond is valid.    We have no doubt his

views in that regard are correct and that the action may be maintained.

It is claimed that the defendant in error permitted judgment to go against him by default, and that the plaintiffs in error had a full and sufficient defense to the action. No doubt if an officer, by collusion and fraud, should wrongfully permit a judgment to be rendered against a party giving the indemnity, these facts might be shown as grounds for impeaching the judgment; in which case it would be necessary to submit the alleged defense, and the reasons for not asking to intervene in the former action and present the defense then. We find nothing of the kind here. In the absence of collusion and fraud the parties will be bound by the judgment, and we cannot in this action enter into a consideration of the merits of that case. No reason is shown by the record for the reversal of the case, and the judgment is

AFFIRMED.

THE other judges concur.