### Zion F. Baker v. D. M. Duddleson, et al.

1. SHERIFF—*when may demand indemnifying bond.* Where there is a reasonable doubt as to the ownership of the property sought to be levied upon, the sheriff may require an indemnifying bond.

2. EXECUTION—*effect of failure to furnish indemnifying bond upon lien of.* The failure or refusal of the plaintiff in an execution to furnish to the sheriff upon demand an indemnifying bond, will operate to postpone the lien of such execution to one junior thereto in point of time upon which a levy has been made and upon which indemnity has been given.

Judgment by confession. Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded. Opinion filed March 20, 1906.

E. J. MILLER and MILES A. MATTOX, for appellant.

JOHN E. JENNINGS, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

On the 22nd day of November, 1904, an execution in favor of Duddleson Brothers, the appellees, against one William Williamson for the sum of $108.18 was issued from the County Court of Macon County and delivered to the sheriff of Moultrie County which was received by him and so indorsed at 9 o'clock A. M.

On the same day appellant, Zion F. Baker, had issued from the Moultrie County Circuit Court an execution in his favor for the sum of $410.45 and against the same defendant, which execution was received and so indorsed by the sheriff of Moultrie County at 11 o'clock A. M., just two hours after he had received the writ in favor of appellees. Sale of property was made and the sheriff retained $130 which he held until it should be determined which one of the parties to this suit was entitled to the money. Each party entered a motion for a rule upon the sheriff to pay the money to such party, and the matter was heard by the court upon such motions and evidence taken upon the hearing. The court directed the money paid to appellees, to which order appellant excepted and took this appeal.

Several errors have been assigned; but in the view we take of the case it is only necessary to discuss one of them, for our holding upon that subject is decisive of the controversy.

It appears from the evidence that at the time the sheriff received the two executions in question one J. E. Dazey claimed the only property upon which a levy could be made, by virtue of a chattel mortgage made by the debtor, Williamson, to said Dazey.

It was apprehended that litigation was to follow the levy, because of such claim of Dazey and the sheriff required an indemnifying bond before he would levy either execution upon the property of Williamson.

Appellees contend that no indemnifying bond was necessary in the case and that they were not notified that any

bond was required by the sheriff and that no demand was made upon them to furnish such bond; but we think that in both such contentions appellees are in error.    John F. Wright, the sheriff, testified that he received the Duddleson execution from A. T. Summers, an attorney at Decatur, and Arthur Wright, the deputy sheriff, testified in substance as follows:    "We required an indemnifying bond before levying upon either of the executions.    We notified A. T. Summers the attorney for Duddleson about requiring an indemnifying bond before levying.    I did not levy the Duddleson execution on account of not having any bond.    Baker gave us the bond required and we did nothing until the bond was given."    This is practically all of the testimony upon that subject.    The only reasonable deduction to be drawn from the evidence is that appellant did furnish the bond as required by the sheriff, while the appellees did not furnish any bond after they were requested to do so; that by reason of Baker's giving the bond, litigation following the levy resulted in favor of the levying creditor; and thus the sole question is whether he is not by his diligence entitled to priority over the creditor who declined or failed to give the bond.

Our statute in relation to the subject of indemnifying officers is as follows:    "If there is a reasonable doubt as to the ownership of the goods or as to their liability to be taken on the execution, the officer may require sufficient security to indemnify him for taking them."    Chap. 77, sec. 43.

This section is identical with the statute of Massachusetts upon this subject and in that State it has been held that: "Where there is any reasonable ground to induce an officer to believe that in seizing upon execution, he may mistake and expose himself to an action for damages, by seizing goods not the property of the debtor he may insist on the creditors showing him the debtor's goods, and also on being indemnified for any mistake he may make in conforming to the creditor's direction."    Bond v. Ward, 7 Mass., 123.

Murfree, in his work on Sheriffs, announces the rule upon this question in the following language:    "From the

principle that the indemnity and the like proceedings are exclusively for the protection of the sheriff, it would seem to follow that those creditors only who contribute to his security are entitled to share in the results. Thus where there were several execution creditors, some of whom joined in the indemnity and others refused to do so, it was held that those creditors who had incurred liability by furnishing the indemnity were entitled to the benefit of the levy and that those who declined to do so were estoppped from claiming the proceeds of the sale, although their liens were prior to those of the creditors who did indemnify the sheriff. One creditor, it was said, cannot be permitted to make a cat's paw of another." Murfree on Sheriffs, sec. 616.

Freeman, in his work on Executions, announces the same rule in substance. Freeman on Executions, sec. 207.

In the case of Smith v. Osgood et al., 46 N. H., 178, where this subject is discussed, the court hold that: "If there are several creditors, some of whom indemnify the officer when requested, and others who do not, the officer will sell the property, the title to which is thus in dispute, upon the writs of those creditors only who gave the indemnity.".

"Those creditors who refused to give the indemnity will be estopped from claiming the avails of such property, even though their writs were prior to those where the property had been applied."

The same doctrine was announced in the case of Smith v. Cicotte, 11 Mich., 383.

The application of this rule determines the rights of the parties in this cause.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*