[No. 5169.]

[No. 2770 C. A.]

## WHINNERY ET AL. v. WILEY.

1. **Statutory Construction—Sheriffs—Indemnifying Bonds—Actions Against Sureties.**

Section 419, Mills' Ann. Code, providing that, where a sheriff gives written notice to the sureties on a bond of indemnity of an action against him, the judgment shall be evidence of his right to recover against the sureties on motion with specified notice, does not prevent a sheriff, against whom a judgment has been rendered and who failed to give the required notice, from suing the sureties, but, in such case, the amount of the judgment is only prima facie evidence against the obligors, and they may attack it on the ground that the obligee failed to avail himself of a good defense or that it was obtained by fraud or collusion. —P. 206.

2. **Pleading — Sheriffs — Indemnifying Bonds — Actions Against Sureties—Complaint—Demurrer.**

Where the complaint in an action on a bond of indemnity to a sheriff does not show on its face that the creditor executing the bond and the sheriff connived to do an illegal act, and that the bond was given in furtherance thereof, a demurrer to the complaint on the ground that the bond was given to idemnify the sheriff from any claim which might result from the seizure of exempt property cannot be sustained.—P. 207.

3. **Same—Motion to Strike.**

In an action by a sheriff on an indemnity bond received by him, an objection to a demand in the complaint based on expenses incurred by the sheriff in his efforts to adjust the case by inducing defendants to pay the judgment, cannot be raised by demurrer, but the remedy is by motion to strike.—P. 208.

*Appeal from the County Court of Gunnison County. Hon. George Hetherington, Judge.*

Action by Elmer Wiley against W. S. Whinnery, D. T. McLeod and L. Kafka. From a judgment for plaintiff, defendants appeal.        *Affirmed.*

Messrs. BROWN & NOURSE and Mr. S. D. CRUMP, for appellants.

Mr. DEXTER T. SAPP, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The appellee, plaintiff below, was, in 1900, sheriff of Gunnison county. He commenced this action in the county court of Gunnison county against appellants, to recover upon an indemnifying bond. The complaint alleges that the plaintiff was sheriff; that a writ of attachment was issued out of the county court of Gunnison county in the case of John N. Thompson against Charles N. Holroyd and directed to the sheriff of Gunnison county, commanding him to seize and levy upon the goods and chattels of said Holroyd; that defendant Thompson directed the plaintiff to seize and levy upon property hereinafter described, and, upon plaintiff's demand, furnished plaintiff a bond of indemnity. The condition of this bond is alleged to be as follows:

"The Condition of this Obligation is Such, That whereas, on the 11th day of February, eighteen hundred and ninety-seven, there issued from the county court of Gunnison county a certain Writ of Attachment in favor of John N. Thompson, plaintiff, and against Charles N. Holroyd, defendant, directed to the sheriff of said Gunnison county to execute; and whereas the said Elmer Wiley, sheriff as aforesaid, at the instance of the said John N. Thompson, is about to execute said writ by levying upon and taking as the property of the said defendant Charles N. Holroyd liable to execution and attachment, the following described property:

"46 t. hay; 200 lbs. potatoes; 1 mowing machine; 1 set double harness; 15-yr.-old horse; 12-yr.-old horse; 1 yearling horse; 1 work mare; 2 colts; 4 cows and 2 calves.

"Now if the said John N. Thompson shall and does from time to time, and at all times hereafter, defend, save and keep harmless and indemnified the

said. Elmer Wiley, sheriff as aforesaid, his heirs, executors and administrators, and also his deputies, and all and every person acting with, under or by instruction of him, the said sheriff, or his deputies, and all and every one of them, of and from all actions, suits, costs, charges, damages and expenses whatsoever (including attorney's fees) which shall or may at any time hereafter happen or come to them, or either of them, for or by reason of the execution of the said writ as aforesaid, and the retaining possession of and selling the said property under said writ or other process hereafter to issue, or by reason of assisting in such execution or selling, then this obligation to be void; otherwise to remain in full force and effect.''

That the plaintiff, as such sheriff, acting under and by virtue of the writ of attachment, did in good faith seize the property thus described, and subsequently sold the same under a writ of execution. After the sale of the property under the execution, Charles N. Holroyd commenced an action against the plaintiff in the district court to recover damages on account of the seizing, holding and selling of the property, claiming that the same was exempt from seizure and sale. On the 23d of April, 1900, a judgment was rendered against the plaintiff in such action in the sum of $150.00 damages and $39.70 costs; that plaintiff paid the judgment. He demanded that the defendants in this action pay and satisfy the judgment, but they refused to do so. He further alleges that he expended $25.00 in an effort to induce the defendants to pay judgment, and that he expended the further sum of $100.00 in the employment of an attorney to prosecute this action. To this complaint defendants filed a general demurrer, which demurrer was overruled and judgment rendered as prayed for in the complaint.

Appellants say that the complaint is defective because it does not state facts sufficient to constitute a cause of action, and because it does state facts showing that the plaintiff has no right of recovery. In support of the first proposition, they rely upon section 419 of our Code of Civil Procedure, which is as follows:

"In an action brought against a sheriff for an action done by virtue of his office, if he give written notices thereof to the sureties· on any bond of indemnity received by him, the judgment recovered therein shall be sufficient evidence of his right to recover against such sureties; and the court or judge in vacation, may, on motion, upon notice of five days, order judgment to be entered up against them for the amount so recovered, including costs."

This section of the code does not change the rule which exists in the absence of a statute except in so far as it provides for the entering of judgment upon the bond. In the absence of a statute the rule is that to entitle the obligee to maintain an action upon a general promise of indemnity against damages or liability, it is not necessary that he should have given notice of a suit against him in which the judgment upon which the breach is predicated was rendered. If, however, no notice is given, the judgment is only *prima facie* evidence against the obligors and may be attacked on the ground that the obligee failed to avail himself of a good defense or that it was obtained by fraud or collusion.—10 Am. & Eng. Enc. of Law 417; *Train v. Gold,* 5 Pick. 380; *Huzzard v. Nagle,* 40 Penn. St. 178; *Stewart v. Thomas,* 45 Mo. 42.

Under the section of the code above set forth, if defendants had had written notice of the action against the sheriff, judgment might have been rendered against defendants upon five days' notice, but

where such judgment was taken without notice to defendants an action for recovery against them is necessary, and the amount of the judgment in the case against the sheriff is only *prima facie* evidence of the amount he is entitled to recover. If the judgment was procured by fraud or collusion, or if the action was not properly defended, this would be defensive matter which could be raised by defendants in their answer to the complaint against the sheriff.

The defendants further say that the complaint shows on its face that plaintiff has no cause of action against the defendants; that, if the bond was given to indemnify the sheriff for any claim which might result to him from the seizure of exempt property, the bond would be void as against public policy, and, inasmuch as the action of levy in such case would be clearly illegal, no recovery can be had upon the bond. Defendants cite as authority for the proposition that the bond was void: *Perter v. Stapp,* 6 Colo. 32.

In that case the court quotes from the opinion in *Stone v. Hooker,* 9 Cowan 155:

"The distinction taken between promises of indemnity that are, and those which are not, void, is this: If the action directed or agreed to be done is known at the time to be a trespass, an express promise to indemnify would be illegal and void; but if it was not known at the time to be a trespass, the promise of indemnity is a good and valid promise."

This doctrine is supported by *Ives v. Jones,* 40 Am. Dec. 421. See, also, many cases cited in a note to the principal case.—2 Freeman on Executions, section 275a; 16 Am. & Eng. Enc. of Law 171.

A portion of the property levied upon might or might not have been exempt, depending upon facts and circumstances concerning which there is no allegation in the complaint. The complaint upon its

face does not show that the attachment creditor and the sheriff connived to do an illegal act and that the bond was given for the furtherance of such collusion. This not appearing upon the face of the complaint, will not be presumed. The judgment of the district court in overruling the demurrer was proper.

Appellants complain that the court erred in rendering judgment for the $25.00 expended by appellee in his efforts to arrive at an adjustment of the case. The objection to this item could not be raised by demurrer; a motion to strike would have been the appropriate remedy. The judgment of the court is not excepted to for this reason; there is nothing in the record to show that the attention of the court was called to this particular item.

Perceiving no error in the record, the judgment of the district court will be affirmed.     *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.