[No. 1681, March 10, 1915.]

DE WITT v. UNITED STATES FIDELITY & GUARANTY CO. OF BALTIMORE, MD.

[Rehearing Denied May 15, 1915.]

SYLLABUS BY THE COURT.

Subsection 222, § 2685, Compiled Laws 1897, as amended by section 1, c. 107, Laws of 1907, providing that any person, interested in any bond by virtue of the attachment and replevin laws, may maintain suit thereon without any assignment by the officer to whom the same is given, does not confer upon the defendant in an attachment suit the right of action upon an indemnifying bond given the sheriff, because such bond does not arise by virtue of the attachment laws, which contain no provision for a bond of this character.

P. 167

Appeal from District Court, Curry County; G. A. Richardson, Judge.

Action by M. J. De Witt against the United States Fidelity & Guaranty Company of Baltimore, Md. From judgment for plaintiff, defendant appeals. Reversed.

G. L. REESE of Portales and W. A. HAVENER of Clovis, for appellant.

The complaint proceeded on the theory of an action ex contractu and that theory cannot be changed.
Gallegos v. Sandoval, 106 Pac. (N. M.) 373.

The sheriff, being the obligee, is the only person who could proceed on the bond. The proper action of appellee against appellant, surety, was in trespass and not in assumpsit.
35 Cyc. 1791, and cases cited.

Unliquidated damages for trespass cannot be recovered in assumpsit.
4 Cyc. 331; Allen v. Woodward, 22 N. H. 544; Page v. Babbitt, 21 N. H. 389.

No cause of action arises from a contract to indemnify or save harmless from the consequences of liability until damages have been sustained.
22 Cyc. 90; 35 Cyc. 1773; Oaks v. Scheifferly, 16 Pac. (Cal.) 252; Gardener v. Cooper, 58 Pac. (Kan.) 230; Lott v. Mitchell, 32 Cal. 23.

Attorneys' fees are not recoverable in this sort of an action.
A. T. & S. F. Ry. Co. v. Citizens' T. & P. Co., 113 Pac. (N. M.) 813; Dame v. Cochiti Red. & Imp. Co., 13 N. M. 10; Patton v. Garrett, 37 Ark. 605; Plumb v. Woodmansee, 34 Ia. 116; 3 A. & E. Enc. L. 247; Reed v. Samuels, 22 Tex. 114, 73 Am. Dec. 253; Hughes v. Brooks, 36 Tex. App. 379; Springfield v. Hirsch, 45 Am. St. R. (Tenn.) 733; Oelrichs v. Spain, 15 Wall. 211.

In proper cases only reasonable fees can be recovered. Waltham Piano Co. v. Freeman, 141 N. W. (Ia.) 403.

There is no evidence that the attachment was sued out maliciously, and therefore exemplary damages could not be recovered.

Craddock v. Goodwin,, 54 Tex. 578; Haeussler v. La-clede, 23 Mo. App. 282.

The items of expense incurred in resisting the attachment must be shown to have been reasonable and necessary.

Mitchell v. Mattingly, 58 Ky. 1; Thompson v. Gates, 18 La. 32; Damron v. Sweetser, 16 Ill. App. 339.

HARRY L. PATTON of Clovis, for appellee.

This suit was properly brought under sec. 236, chapter 107, Laws of 1907.  35 Cyc. 1803; Lovejoy v. Murray, 3 Wall. 1; Rice v. Wood, 61 Ark. 442, 33 S. W. 636, 31 L. R. A. 609.

(Remainder of brief on points not decided by court.)

### REPLY BRIEF OF APPELLANT.

Sec. 236, chapter 107, Laws 1907, refers to actions upon attachment or replevin bonds.  It has nothing to do with indemnity bonds.

### BRIEF OF APPELLEE ON REHEARING.

This action is identical with Lovejoy v. Murray, 3 Wall. 1, and Rice v. Wood, 61 Ark. 442, 31 L. R. A. 609.

The indemnitor becomes a joint trespasser and may be sued as such.

Commonwealth v. Burnett, 19 Ky. L. 1836; Crouch v. Ruble, 4 Ky. L. 834; Tobin v. McCann, 11 Mo. App. 591; Fite v. Briedenback, 32 Ky. L. 400.

The court is in error in holding that sections 222 and 236, chapter 107, Laws 1907, apply only to attachment or

replevin bonds. Sec. 186 of the same chapter provides that attachment bonds are payable to the territory. They run to the state, not to an officer. The statute contemplates including indemnity bonds.

### BRIEF OF APPELLANT ON REHEARING.

The words "by virtue of" as used in the statute mean "by authority of."

6 Cyc. 262.

Subsection 222 is not limited to bonds payable to an officer, but "to whom the same is given."

Subsections 186 and 208 show that the bond is made payable to the state for the benefit of the defendant.

### STATEMENT OF FACTS.

In an action pending in the district court of Curry county, in which Hattie E. Mills was plaintiff and J. W. De Witt was defendant the plaintiff procured the issuance of a writ of attachment, which was levied upon certain real estate and personal property, consisting of a stock of merchandise, appellee herein filed a petition in intervention, setting up her claim to ownership to all of said property, to which petition the said plaintiff filed her answer. On December 11, 1911, the said plaintiff, Hattie E. Mills, executed a bond of indemnity to the sheriff, making the levy, with appellant as surety thereon. The sheriff made the levy on December 9, 1911, and held the property thereunder until about the 13th or 14th of December, 1911, at which time the property was turned over to appellee, who gave a forthcoming bond. Upon January 19, 1912, the sheriff again took possession of the said property, having demanded a new forthcoming bond, which was not furnished, and held the property until the dismissal of the suit on March 19, 1912. His term of office having expired upon the qualification of his successor to that office, on January 16, 1912, three days before he had retaken possession of the property, after his de-

mand for a new forthcoming bond, appellee brought this suit in the court below, upon the bond of indemnity, and recovered judgment against appellant as surety thereon, from which judgment appellant prosecutes this appeal.

## OPINION OF THE COURT.

HANNA, J. (after stating the facts as above.)—The first assignment of error is that the complaint does not state facts sufficient to constitute a cause of action. Appellant, in support of this assignment of error, makes three contentions, the first being that the complaint did not proceed upon a definite and distinct theory, citing Gallegos v. Sandoval, 15 N. M. 216, 106 Pac. 373. The action, it is pointed out, is predicated upon the indemnity bond given by Hattie Mills as principal, and the appellant as surety, which is conditioned that said obligation shall save harmless the said C. H. Hannum, the sheriff making the levy, from all damages, costs, and expenses which he might incur by reason of levying the writ of attachment upon the property described in the bond, or by holding the same by virtue of said writ of attachment, appellant's contention being that appellee has mistaken her remedy in not electing to sue in trespass, rather than upon the indemnity bond set out in her complaint, and that she is precluded from suing upon the indemnity bond because there is no privity of contract between her and the surety company furnishing the indemnity bond, which contention is set out as the second ground of attack under this assignment. It is also further urged by appellant that the indemnity bond was given for the benefit of the sheriff only, who alone can sue thereupon, which is but another way of stating that there is no privity of contract between the surety company and the appellee. These several grounds of objection, which can be considered together, will dispose of this case, unless a right of action is given by our statute providing that:

"Any person interested in any bond by virtue of the attachment and replevin laws, may maintain suit thereon without any assignment by the

officer to whom the same is given." Subsection
222, § 2685, C. L. 1897, as amended by section
1, c. 107, Laws 1907.

In this connection it is seriously contended by appellant that this statute can only be held to apply to attachment or replevin bonds, and cannot be considered as having anything to do with or any application to an indemnity bond, such as the one here sued upon. With this contention we agree. It is to be conceded that our statute does not confer upon a sheriff the right to demand an indemnity bond. But it has been held that a sheriff is entitled to require indemnity where he has reason to believe that there is doubt as to the title of property, which he is requested to seize under an attachment, or that a controversy may arise in relation to such property. Smith v. Cicotte, 11 Mich. 383; Waples on Attachment, 148; Drake on Attachment, § 189. This is said by an eminent court to be the rule, even where there is no express statutory authority therefor, the common law giving the right to require the indemnity. Chamberlain v. Beller, 18 N. Y. 118. See, also, Porter v. Stapp, 6 Colo. 32; Mihalobitch v. Barlass, 36 Neb. 491, 54 N. W. 826; Shriver v. Harbaugh, 37 Pa. 399. The indemnity bond, however, even under this view of the matter, does not arise or have existence by virtue of the attachment statute, and the right of action cannot, therefore, exist by virtue of the act of 1907, referred to.

Our conclusion in this respect necessitates a reversal of the judgment of the trial court in this cause; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.

