## Excess Insurance Rates

636

UMSTED, Deputy Attorney General, March 15, 1945.—You have inquired if the Insurance Department is justified in supervising rates on excess insurance written under policies authorized by section 653 of The Insurance Company Law of May 17, 1921, P. L. 682, 40 PS §813.

Section 654 of The Insurance Company Law of 1921, as amended by the Act of July 31, 1941, P. L. 607, 40 PS §814, provides, in part, as follows:

"No risk classification, underwriting rule, premium rate, or schedule or merit rating plan shall take effect without the consent of the Insurance Commissioner, and he may withdraw his approval whenever, in his judgment, the same is inadequate or discriminates unfairly between risks of essentially the same hazard."

This proviso coming under the heading "Workmen's Compensation Insurance" is determinate of your question if excess coverage under section 653, which we now quote, is workmen's compensation insurance:

"No policy of insurance against liability under 'The Workmen's Compensation Act of nineteen hundred and fifteen,' or acts amendatory thereof, shall contain any limitation of the liability of the insurer to an amount less than that for which the insured employer may become liable under the act during the term of such insurance. No such policy or contract of insurance, nor any agreement to deliver such insurance, shall be issued except upon a form approved by the Insurance Commissioner as complying with all the terms and provisions of this act. But a policy may be issued to a self insurer, qualified under section three hundred five of article three of 'The Workmen's Compensation Act of nineteen hundred and fifteen,' or acts amendatory thereof, providing for the payment of any stated loss in excess of ten thousand dollars falling upon such self insurer, under the terms of the said act, by reason of any single accident."

We are presented here with a matter which involves only statutory construction and in which, therefore, legislative history plays a prominent part.

Under section 3 of the Act of June 2, 1915, P. L. 769, 770, it is provided:

"No policy of insurance against liability arising under said article of said act shall contain any limitation of the liability of the insurer to an amount less than that payable by the insured on account of the risk insured against under said article of said act; nor shall any such policy contain any limitation of the total liability of the insurer because of injuries to two or more persons in a single accident; nor shall any action be maintained for the collection of premiums on any policy violating this section; but policies may be issued to employers insuring them against their liability, under the said article, to any designated class or part of their employes, or against any particular hazard to which their employes or any class or part thereof may be exposed."

The foregoing section was amended by section 1 of the Act of July 8, 1919, P. L. 760, to read as follows:

"Section 3. No policy of insurance against liability arising under the Workmen's Compensation Act of one thousand nine hundred fifteen or acts amendatory thereof shall contain any limitation of the liability of the insurer to an amount less than that payable by the insured on account of the risk insured against under the said act; nor shall any such policy contain any limitation of the total liability of the insurer because of injuries to two or more persons in a single accident. No such policy shall be issued except upon a form approved by the Insurance Commissioner as complying with all the terms and provisions of this act. No action shall be maintained for the collection of premiums on any policy violating this act. But a policy may be issued to a self-insurer, qualified under section three hundred five of article three of the Workmen's Compensation Act of one thousand nine hundred fifteen, providing for the payment to such self-insurer of fixed amounts in excess of any stated loss falling upon such self-insurer under the terms of the Workmen's Compensation Act and by reason of any single accident."

This section was reënacted by The Insurance Company Law of May 17, 1921, P. L. 682, sec. 653, which we have quoted above.

It is to be noted from the foregoing that excess coverage of workmen's compensation arose under the Act of 1915 and was changed by the Act of 1921 only with respect to the point at which the excess could begin, i. e., $10,000.

On July 30, 1919, the then Insurance Commissioner, Hon. Thomas B. Donaldson, issued a circular letter to all companies writing workmen's compensation insurance in Pennsylvania, advising them that excess coverage under section 3 of the Act of June 2, 1915, P. L. 769, as amended by the Act of July 8, 1919, P. L. 760, was subject to the supervision of the

department with regard to risk classification, underwriting rule, premium rate, or schedule or merit rating plan, etc.

While it is not necessary for the purposes of this opinion to conclude other than that Commissioner Donaldson had a reasonable basis for his directive, we are constrained to point out that section 3 of the Act of 1915, as amended in 1919 and written into The Insurance Company Law in 1921, is hardly susceptible of a contrary construction.

The sections in all instances commence with a prohibition against a policy of insurance containing a limitation of liability of insurer under "The Workmen's Compensation Act", and then modify this with a provision, "but a policy may be issued to a self insurer, etc.," (in the 1919 and 1921 acts, and "but policies may be issued to employers insuring them against their liability, etc." in the 1915 act). As we read the entire sections the word "policy" in the foregoing quotations can mean only the type of policy specified in the forepart of each section—"policy of insurance against liability arising under The Workmen's Compensation Act". This would necessarily classify it as a workmen's compensation policy and subject it as such to the official scrutiny of the Insurance Commissioner.

Since, however, the directive itself presumably was before the legislature in 1921 when it reënacted with only a minor change the provisions of section 3 of the Act of 1915, as amended in 1919, we must assume that the interpretation placed upon the Act of 1919 by the Insurance Commissioner was the interpretation which the legislature itself placed upon section 653 of The Insurance Company Law of 1921, and construe it accordingly.

It is now a well-settled principle of law that executive construction impliedly indorsed by the legislature by reënactment of the statute or the passage of a sim-

ilar one in the same or substantially the same terms ordinarily will be given great weight in the construction of the later law. And where the executive construction has long been continued, it will control unless it be manifestly wrong: Commonwealth ex rel. v. Beamish, Secretary of Commonwealth, 20 D. & C. 324 (1933) ; McCaughn, Collector of Internal Revenue, v. Hershey Chocolate Co., 283 U. S. 488; Shriver et al. v. Harbaugh et al., 37 Pa. 399 (1861).

In these circumstances, and particularly in view of section 108 of The Insurance Company Law of 1921, which specifically states that the provisions of that act, so far as they are the same as those of existing laws, shall be construed as a continuation of such and not as a new enactment, we are obliged to conclude that the identical construction which the commissioner placed upon section 3 of the Act of 1919 must be placed by us upon the provisions of section 653 of the Act of 1921.

We are of the opinion and you are accordingly advised that section 654 of The Insurance Company Law of May 17, 1921, P. L. 682, as amended by the Act of July 31, 1941, P. L. 607, 40 PS §814, is applicable to excess insurance rates for self-insurers under the provisions of section 653 of the same act and that accordingly the Insurance Commissioner must approve risk classifications, underwriting rules, premium rates, or schedules or merit rating plans, and may withdraw his approval whenever, in his judgment, they are inadequate or discriminate unfairly between risks of essentially the same hazard.